IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEVIN KILPATRICK and RONDA CONN,** | ) ) ) |
| Plaintiffs, | )           7:03CV5017 ) |
| vs. | )           ORDER ) |
| **PAT KING, KATHY CARTER and RON ROSS,** | ) ) ) ) |
| Defendants. | ) |

    This matter is before the Court on the plaintiffs' Second Motion for Sanctions or, Alternatively, Motion to Compel and for Attorney's Fees (Filing No. 134).  The plaintiffs filed a brief (Filing No. 136) and an index of evidence, including a videotape, (Filing No. 135) in support of the motion.  The defendants filed a brief (Filing No. 138) and an index of evidence (Filing No. 139) in opposition to the motion.  In reply, the plaintiff filed a brief (Filing No. 141) and an index of evidence (Filing No. 142).

    On January 18, 2005, the plaintiffs served the defendants with Amended Notices of Rule 30(b)(6) depositions.  **See** Filing Nos. 118, 120, 122, 124 and 126.  Four of the notices are relevant to the instant dispute.  The plaintiffs sought to take the deposition of "the Defendant" and the Defendant was directed to identify an officer, director, agent or the other person who consents to testify on its behalf and who is most knowledgeable in the subject of:

> the training of Child Protective Services Workers for the years 1994 through 2004.

**See** Filing No. 118.

> the recordkeeping practices and policies for the Nebraska Department of Health & Human Services for the years 1994 through 2004.

**See** Filing No. 120.

> evaluating Child Protective Services Workers for the years 1994 - 2004.

**See** Filing No. 122.

> complaints from the public relating to Child Protective Services workers and activities, for the years 1994 through 2004.

**See** Filing No. 124.

On February 7, 2005, the plaintiffs deposed three witnesses who appeared in response to the deposition notices. Mary Osborne (Ms. Osborne) appeared in response to the notices regarding training and evaluating CPS workers. Jodie Gibson (Ms. Gibson) appeared in response to the notice regarding complaints from the public and Suzanne Schied (Ms. Schied) appeared in response to the notice regarding recordkeeping.

The plaintiffs seek sanctions, including that the Court strike the defendants' defenses and award reasonable attorney's fees, in conjunction with conduct by counsel for the defendants at these depositions. The plaintiffs argue the defendants improperly designated unprepared witnesses for the depositions subjecting them to sanctions under Rule 37(d). Additionally, the plaintiffs contend counsel for the defendants behaved inappropriately and improperly advised the deponents not to answer particular questions. Counsel for the defendants apologizes for his unprofessional conduct, but disagrees sanctions are warranted.

## ANALYSIS

**A.   Designation of Witnesses**

Pursuant to Federal Rule of Civil Procedure 30(b)(6):

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

Also relevant to the parties' current dispute is Rule 37(d), which provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Under the express language of Rule 30(b)(6), a company must present a person for deposition who may testify on behalf of the company. Implicitly under the rule, the company must prepare the deponent to testify. **See *United States v. Taylor***, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("[P]reparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business."); ***Prokosch v. Catalina Lighting, Inc.***, 193 F.R.D. 633, 638 (D. Minn. 2000) (holding "the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation that is involved in litigation, can be fully and fairly explored."). The rationale behind an organization deponents' duty to prepare a witness is based on the nature of the deposition as one determining the knowledge of the organization, rather than the knowledge of the individual. ***Poole ex rel. Elliott v. Textron, Inc.***, 192 F.R.D. 494, 504 (D. Md. 2000); ***Taylor***, 166 F.R.D. at 361 (holding duty "goes beyond matters personally known to the designee or to matters in which that designee was personally involved"). This district court has specifically held "[i]f no current employee has sufficient knowledge to provide the requested information, the party is obligated to 'prepare

[one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'" **Dravo Corp. v. Liberty Mut. Ins. Co.**, 164 F.R.D. 70, 75 (D. Neb. 1995) (alteration in original) (**quoting *Marker v. Union Fidelity Life Ins. Co.***, 125 F.R.D. 121, 126 (M.D.N.C. 1989)). "[I]f it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute." **Dravo Corp.**, 164 F.R.D. at 75.

> [T]o allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Correlatively, the responding party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters.

**Prokosch**, 193 F.R.D. at 638 (internal quotations and citations omitted) (alterations in original). However, if the designated representative for the organization "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." **Resolution Trust Corp. v. Southern Union Co., Inc.**, 985 F.2d 196, 197-98 (5th Cir. 1993) (finding the district court did not abuse its discretion in awarding fees and costs under Rule 37(d)); **see *Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.***, 228 F.3d 275, 304 (3d Cir. 2000) ("[W]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), '[p]roducing an unprepared witness is tantamount to a failure to appear' that is sanctionable under Rule 37(d).").

The plaintiffs specifically contend that Ms. Osborne was unable or unwilling respond to the questions posed by the plaintiffs in connection with two of the Rule 30(b)(6) notices. **See** Filing No. 136, p. 33-34. Additionally, the plaintiffs argue Ms. Osborne was improperly designated to respond to two of the Rule 30(b)(6) notices, which fact became clear when Ms. Osborne, herself, admitted she did not qualify for the designation. **See *id.*** p. 37. As examples, the plaintiffs cite to Ms. Osborne's deposition where she stated she had a general

knowledge of the CPS worker training curriculum, but stated she would have to review the particular curriculum in order to answer specific questions. **See** Filing No. 135, Exhibit 1(q) at 34:16-35:12. Although designated as the person knowledgeable in the subject of evaluating CPS workers for the years 1994 through 2004, Ms. Osborne stated at the outset of her deposition that she was "probably not that person." **See** *id.* at 5:13-17. The plaintiffs state they were unable to gather the information most relevant to their claims, which were pending at the time of the deposition. Specifically, the plaintiffs state they sought information about whether the defendants followed the constitutional or common-law "standard of care." **See** Filing No. 136, p. 27.

The defendants respond by attacking the specificity of the deposition notices. The defendants argue that because of the general nature of the wording in the notices, the designated witnesses were prepared to discuss the topics generally, i.e., CPS worker "training" and "evaluations". The defendants argue they could not possibly have been on notice that the plaintiffs were seeking to learn a standard of care, when such concept was not specified in the notices and is not relevant to the plaintiffs' then-pending claims. The defendants have not moved for a protective order under Rule 26(c) as related to any of the February 7, 2005 depositions.

Ms. Osborne testified she is "the person who oversees training to protection and safety staff statewide." **See** Filing No. 135, Exhibit 1(q) at 5:6-7. Ms. Osborne did answer general questions about training. **See** *id.* at 12:7-19:17. She described a curriculum for training of protection and safety workers. **See** *id.* at 20:15-18; 33:24-34:17. She answered a number of general questions about what topics are covered in training. **See, e.g.**, *id.* at 30:4-22; 31:8-33:11; 35:13-36:10; 40:3-41:14; 43:2-44:9; 45:3-46:18; 47:10-48:17; 49:8-57:15. However, Ms. Osborne stated she "would need to defer to the curriculum or the person who trains [CPS workers]" to answer specific questions about the content of the curriculum. Ms. Osborne also testified she participated in the development of a tool to evaluate CPS workers, and would be able to answer questions about that tool, which became effective in 2005. **See** *id.* at 133:3-19. However, Ms. Osborne had no knowledge of how, or if, evaluations of CPS workers were done in the years 2000 to 2004. **See** *id.* at 136:13-20.

The Court finds the designation of Ms. Osborne in response to the Rule 30(b)(6) notice regarding training was adequate in response to the level of specificity contained in the notice. The plaintiffs could have taken steps to ensure any designated witness would be prepared to answer specific training-related questions by either requiring the witness to bring documents containing the curriculum or providing more detail in the deposition notice. Accordingly, the Court finds no sanctions should be imposed, nor discovery compelled, with regard to the Rule 30(b)(6) notice regarding training.

In contrast, the designation of Ms. Osborne in response to the Rule 30(b)(6) notice regarding evaluations was clearly inadequate. At the outset of the deposition, Ms. Osborne clarified she was not the correct person as sought by the plain language in the notice and did not have the requisite information. Later in the deposition she again stated the limits of her knowledge with regard to evaluations of CPS workers, which did not include the time period stated in the notice. Based on these events, the Court finds, pursuant to Rule 37(d) no person appeared on behalf of NDHHS in response to the Rule 30(b)(6) notice regarding evaluations. Accordingly, the Court may impose sanctions under Rule 37(b)(2)(A)-(C) or impose an attorney's fee award against "the party failing to act or the attorney advising that party or both." Fed. R. Civ. P. 37(d). The identification of an appropriate sanction is discussed below.

### B.    Instructions Not to Answer and Other Conduct

During a deposition,

> All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.

Fed. R. Civ. P. 30(c).

However, "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to

answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1).

Also relevant to the parties current dispute is Rule 30(d)(3) and (4), which provide:

> (3)  If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.
> (4)  At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).  If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending.  Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

"[T]he purpose of depositions is to determine what the witness saw, heard, knew and thought through a question and answer conversation between the deposing lawyer and the witness." ***United States v. Kattar***, 191 F.R.D. 33, 38 (D.N.H. 1999).  It is inappropriate for an attorney to instruct a deponent, during a deposition, not to answer questions on the basis of relevance or similar objection.  ***Resolution Trust Corp. v. Dabney***, 73 F.3d 262, 266 (10th Cir. 1995); ***Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg, Inc.***, 145 F.R.D. 59, 63 (E.D. Pa. 1992) (relevance objection does not provide ground to direct witness not to answer).  Furthermore, the rule requiring the party noticing deposition of a Rule 30(b)(6) designee to 'describe with reasonable particularity the matters on which the examination is requested' does not limit the scope of the deposition to the contents of the notice.  ***Cabot Corp. v. Yamulla Enters.***, 194 F.R.D. 499, 500 (M.D. Pa. 2000).

> It is clear from the language of Rule 30(d) that it is the court that makes the decision to terminate a deposition upon an

application by the deponent. The appropriate initial procedure for a deponent who believes a deposition is being conducted improperly is to suspend the deposition under Rule 30(d) and promptly apply to the court for an order to terminate the deposition or to limit its scope.

***Policarpio v. Kaufman***, 395 S.E.2d 502, 504 (W. Va. 1990).

### 1. Ms. Gibson's Deposition

During the February 7, 2005 depositions, counsel for the defendants, Mr. Dexter, instructed witnesses not to answer on four occasions. The first instance occurred during Ms. Gibson's deposition:

> Q: (By Ms. Chaloupka) Okay. And -- And what if -- what if clients didn't know enough to call your office? What if they thought they needed to make their reports just locally, to their case worker or to whoever supervises the case worker in the local office?
> MR. DEXTER: Objection to the form of the question, calls for speculation. You may answer if you can.
> THE WITNESS: I guess I can't answer that because I do get calls from all the service areas across the state, so --
> Q: (By Ms. Chaloupka) What makes it so hard for you to answer? Do you not -- Let me ask you this. Do you not understand my hypothetical? Is there anything about what I'm posing to you that is not clear, that you can't understand?
> MR. DEXTER: <u>Objection to the form of the question, argumentative. I will direct the witness at this point not to answer.</u>
> MS. CHALOUPKA: I don't think you will because we're in federal court, and you don't get to direct a witness not to answer. You can terminate the deposition if I'm asking questions about attorney/client privilege —
> MR. DEXTER: Shall we call the judge?
> MS. CHALOUPKA: You go ahead, if you want.
> MR. DEXTER: Well, I'm directing the witness not to answer. You can walk out that door, if you want.
> MS. CHALOUPKA: No, if you're not going to answer the question, then the deposition is terminated. If you're directing her not to answer, and if you're choosing not to answer, then the deposition is terminated.

> The Department of Health and Human Services has already been sanctioned once. And I'll bring that to the judge's attention. I'll come back at the Department's expense.
> So last chance. Are you going to take your counsel's instruction to not answer?
> THE WITNESS: Yes.
> MS. CHALOUPKA: Okay. The deposition is over and bring on the next witness.
> MR. DEXTER: The next witness will be here in 35 minutes.
> (Discussion off the record.)
> MS. CHALOUPKA: Go back on the record for a moment. This deposition is not terminated. It is – or I guess it is terminated because counsel is instructing the witness not to answer.
> I am not waiving my right to continue asking questions, as I am about one-third of the way through my outline of questions to ask.
> But if this is the way it's going to go, and if counsel is going to instruct his client not to answer, then I can't go any further until that's determined.
> MR. DEXTER: And if counsel is going to continue to harass my client, I'm going to continue to direct my client not to answer.
> MS. CHALOUPKA: Knock yourself out.
> MR. DEXTER: You too.
> (At 9:50 a.m. the deposition was recessed.)

**See** Filing No. 135, Exhibit 1(p) (Gibson Dep.) at 35:14-37:25 (emphasis added). Ms. Gibson's deposition was temporarily terminated, but did reconvene later in the afternoon, apparently without incident.

In this matter, neither the deponent, NDHHS, nor the individual defendants moved for a protective order based on the conduct of plaintiffs' counsel during the February 7, 2005 depositions. **See, e.g.**, *Oleson v. Kmart Corp.*, 175 F.R.D. 568, 569 (D. Kan. 1997) (denying motion for a protective which was filed eight weeks after deposition); *Hearst*, 145 F.R.D. at 62 (Defense counsel's attempt to reconcile the deposition conduct with the requirements of Rule 30(d) was disingenuous, at best, particularly where no motion for protective order was ever filed.). In any event, assuming a deposition question is "argumentative," Rule 30(d) does not permit the deponent or counsel either to move the court

9

for a protective order or to instruct the witness not to answer. Further, there is no evidence that the deposition inquiry was conducted in such a manner as to unreasonably annoy, embarrass, or oppress the witness. What is evident to the Court is both counsel behaved poorly. It appears Ms. Gibson attempted to answer the question posed by the plaintiffs' counsel, however the plaintiffs' counsel interposed rude comments, cutting off the witness. In turn, counsel for the defendants increased the tension in the situation by making an improper objection. In viewing the portion of the videotaped deposition and reading the exchange between counsel for both parties and the deponent in the context of the deposition, the Court finds the deposition inquiry was not conducted in such a manner as to unreasonably annoy, embarrass, or oppress the witness. Additionally, no motion for a protective order was filed. Therefore, the defendants' counsel inappropriately instructed Ms. Gibson not to answer.

### 2. Ms. Osborne's Deposition

The defendants' counsel instructed Ms. Osborne not to answer on more than one occasion during the February 7, 2005 deposition. At the beginning of the deposition, the following exchange took place:

> Q: Okay. Well, you've also been designated as the person most knowledgeable in the evaluation of CPS workers form the years 1997 through 2004. Are you that person?
> A: No, I'm probably not that person.
> [Ms. Chaloupka had an exhibit marked.]
> Q: (By Ms. Chaloupka) For the record, Ms. Osborne, Exhibit 64 is a notice of 30(b)(6) deposition. It states that the defendant is to direct one or more officers, agents, directors or other person who consents to testify on its behalf who are most knowledgeable in the subject of evaluating child protective services workers for the years 1994 through 2004. And if I understand you correctly, you were saying that you would not be that person; is that right?
> MR. DEXTER: I would object to the form of the question.
> MS. CHALOUPKA: Go ahead and answer.
> MR. DEXTER: The department has designated her.
> MS. CHALOUPKA: No. Answer the question, please, ma'am. This is your deposition, not Mr. Dexter's. Go ahead.

MR. DEXTER: Do we have to stop this one, too, or are you going to stop pretending you're on L.A. Law?

MS. CHALOUPKA: Please answer the question, Ms. Osborne. Are you telling us that you are not the person who is the most knowledgeable in the subject of evaluating child protective services workers for the years 1994 through –

MR. DEXTER: We can deal with this reasonably or I can call the state patrol and get you out of here. Which is it going to be?

MS. CHALOUPKA: Are you going to answer the question, Mrs. Osborne?

MR. DEXTER: I'm directing her not to answer the question. The question is interposed for the purpose of harassment of the witness. Under Rule 30(d), I can direct her not to answer that question, just like I could direct the last witness not to answer a question imposed for the purpose of harassment.

MS. CHALOUPKA: What is harassing about –

MR. DEXTER: If you want to pretend you're on TV, do it on somebody else's time.

MS. CHALOUPKA: What is harassing about this question?

MR. DEXTER: She has been designated, as the request said, designate somebody.

MS. CHALOUPKA: It says – No, it says to request the person who is the most knowledgeable in the subject –

MR. DEXTER: Person or persons.

MS. CHALOUPKA: – of evaluating child protective services workers for the years 1994 through 2004.

MR. DEXTER: Person or persons.

MS. CHALOUPKA: Who is the most knowledge. And are you saying that you are not the person who is the most knowledgeable?

MR. DEXTER: Objection, direct the witness not to answer.

MS. CHALOUPKA: Mrs. Osborne, can you answer that question?

MR. DEXTER: Mrs. Osborne, I'm going to dismiss you at this point. If Ms. Chaloupka –

MS. CHALOUPKA: Okay.

MR. DEXTER: – wants to act professional and speak to me about this problem, she can.

MS. CHALOUPKA: Madam Court Reporter, would you please let the record reflect that when I turned the video camera

to be able to film counsel, whom I detected was taking an aggressive stance towards me, he got up and unplugged the camera.

MR. DEXTER: I would object –

MS. CHALOUPKA: The records –

MR. DEXTER: – for the record reflecting aggressive stance.

MS. CHALOUPKA: Besides that, this is designated as a notice, suppose[d] to be a video taped examination.

MR. DEXTER: I would object – I would object to the characterization of my aggressive stance.

MS. CHALOUPKA: Okay. I guess this deposition is over. Next witness, please.

MR. DEXTER: 1:30.

MS. CHALOUPKA: You've already told her not to answer, so –

MR. DEXTER: Well, under 30(d), I can do that. I do not have to terminate the deposition to do that. As with everything you've ever done with anybody in this office, you misstated your position.

MS. CHALOUPA: I'm not the one who –

MR. DEXTER: I do not consent to be video taped, Ms. Chaloupka. Okay.

MS. CHALOUPKA: I can go ahead with the deposition of the 30(b)(6) regarding training, and the video is on Mrs. Osborne. I can proceed with the deposition of her with regards to training of CPS workers if she is the person who is the most knowledgeable in them.

MR. DEXTER: Is that what you're going to do?

MS. CHALOUPKA: Well, that's what I would like to do. With regard to the –

MR. DEXTER: No problem with that. We could have gotten here without all of this bullshit. Yes, you can use that word.

**See** Filing No. 135, Exhibit 1(q) (Osborne Dep.) at 5:13-5:17; 6:3-10:2.

Later, during Ms. Osborne's deposition the following exchange took place:

Q: Would another person be better suited to be the designated witness for this deposition?

MR. DEXTER: I'm going to object to the form of that question. First of all, the department has made its designation pursuant to notice. And as Ms. Chaloupka seems to keep forgetting, I represent the department. Ms. Osborne does not.

12

>           Okay. Second of all, we have designated somebody who has said that she is able to testify about training. That was what was in the notice.
>
>           If she doesn't know the answers to all of Ms. Chaloupka's questions, I would submit that's not her fault, and it's not the department's either.
>
>           MS. CHALOUPKA: Well, the question – the notice seeks a person who is most knowledgeable in the subject about training.
>
>           MR. DEXTER: Uh-huh.
>
>           MS. CHALOUPKA: And that, at least in – in my assessment includes the substance that is trained to CPS workers. If you're not the person –
>
>           MR. DEXTER: But down to what level of detail?
>
>           MS. CHALOUPKA: – who knows the most, then perhaps we need to redesignate a different person who does know the substance of that.
>
>           But Mr. Dexter is not the person that can answer that because he's not the one who will be answering the questions. That person would be you, Mrs. Osborne. And so if you are not the right person, I guess you need to advise us of that and –
>
>           MR. DEXTER: I would instruct her not to answer that question. You're once again trying to get around it. And I'm not going to let you. I'm their lawyer. Okay? Deal with it.

**See** Filing No. 135, Exhibit 1(q) (Osborne Dep.) at 27:9-16.

Finally, again during Ms. Osborne's deposition, the following exchange took place:

>           Q: Again, not meaning this to sound like a snippy question.
>
>           A: Sure.
>
>           Q: What did you think I was going to ask you about today?
>
>           MR. DEXTER: I would object to the form of that question. I would interpose a motion under Rule 30(d)(4), to a limited examination, on the basis that the question is proposed either in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, and would direct her not to answer pursuant to Rule 30(d)(1).
>
>           MS. CHALOUPKA: Well, again, for the record, if I could find out what you thought you were going to come here to answer today, then maybe I can limit the questions that I have to ask you according to that, but your counsel has instructed you now not to

answer. I guess I should ask this. Are you considered an employee of the Department of Health & Human Services?

A: Yes.

Q: Okay. Do you consider Mr. Dexter to be your attorney in that event?

A: I was understanding that he's representing the department.

Q: Okay. It is up to you whether you choose to answer the question.

MR. DEXTER: No, it is not.

Q: He's instructed you not to answer.

MR. DEXTER: No, it is not.

Q: And you can accept his instruction or not. But what I am trying to find out is if you can tell me what – what you – your impression was and what you had prepared for today to – in terms of questions that you would answer, then I can, you know, hopefully –

I have a fairly extensive outline here. I'd like to know if there's any part of it that I can ask you. And if you – if you follow your counsel's admonition, then I can't even find that out.

MR. DEXTER: Well, that's not at all true. You could ask questions. And if she is comfortable in giving a comprehensive answer, she can. And if not, she can't. Just like any other witness.

MS. CHALOUPKA: Why do you want it to be this way? Why won't you just let her tell me what scope she's prepared to ask about, and we can just – we can figure out if somebody else is better suited to answer the rest of the questions. I'm –

MR. DEXTER: Because –

MS. CHALOUPKA: If you would prefer it to be this way, then –

MR. DEXTER: Well, because I'm – I'm tired of – I will discuss this with you off the record. I don't see any point in discussing it on the record. It's up to you.

MS. CHALOUPKA: Well, the record is what is going to go to the Court, I guess. I'm – So I would rather there be a record of what is discussed.

Why – Why would you rather do it this way, instead of determining whether we need to waste the time that is going to be spent going through questions that this witness may well not be able to answer?

MR. DEXTER: I think she's already made it plain. She's not going to be able to answer in detail chapter and verse.

14

**See** Filing No. 135, Exhibit 1(q) (Osborne Dep.) at 36:11-39:02.

Each of the instances where the defendants' counsel instructed Ms. Osborne not to answer were questions related to whether Ms. Osborne was the person sought in the deposition notice or the scope of the knowledge or ability to answer questions. The videotape shows that Ms. Osborne did not appeared annoyed, embarrassed or agitated by the questions posed. Ms. Osborne did appear to be trying her best to answer and to stay out of the ostentatious conflict between counsel. In viewing the portion of the videotaped deposition and reading the exchange between counsel for both parties and the deponent in the context of the deposition, the Court finds the deposition inquiry was not conducted in such a manner as to unreasonably annoy, embarrass, or oppress the witness. Additionally, no motion for a protective order was filed. Therefore, the defendants' counsel inappropriately instructed Ms. Osborne not to answer.

### 3. Mr. Dexter's Conduct

Aside from instructing witnesses not to answer, the plaintiffs argue the conduct of Mr. Dexter during the deposition frustrated the fair examination of the deponents. The Court agrees. The plaintiffs specifically comment upon the instances where Mr. Dexter cursed (Osborne Depo. at 10:01); attacked the competence of the plaintiffs' counsel (Osborne Depo. at 9:11); compared the plaintiffs' counsel's conduct to a television program (Osborne Depo. at 6:21, 7:14); unplugging the video camera (Osborne Depo. at 8:15); and threatened to have the plaintiffs' counsel removed by the state patrol (Osborne Depo. at 7:2-7:4). See above excerpts for additional context of conduct.

The Court finds Mr. Dexter violated Rule 30(d)(3) when his conduct frustrated the fair examination of the deponents, Ms. Gibson and Ms. Osborne. "[M]erely because depositions do not take place in the presence of judges does not mean lawyers can forget their responsibilities as officers of the court." ***Ewald v. Wal-Mart Stores, Inc.***, 139 F.3d 619, 622 n.4 (8th Cir. 1998). Mr. Dexter's apology to opposing counsel and to the Court is insufficient, given his conduct, to avoid sanctions under either Rule 30(d)(3) or this Court's inherent powers.

**C.    Sanctions**

The defendants argue the plaintiffs' motion for sanctions is premature because there has been no court order compelling the discovery. The defendants' position is contrary to law. "No rule of law requires the Court to have issued an order compelling the witness's attendance at the deposition before sanctions may be awarded under Rule 37(d). In fact, courts have readily awarded sanctions against individuals who have in some measure complied with Rule 37(d) but have violated the basic requirement of the Rule to cooperate in discovery." ***Haraway v. National Ass'n For Stock Car Auto Racing, Inc.***, 213 F.R.D. 161, 165 (D. Del. 2003) (**citing *Black Horse***, 228 F.3d at 301-02). Additionally, Rule 37(d) specifically authorizes Rule 37(b) sanctions for failure to attend a deposition.

Additionally, since the Court has granted the plaintiffs' motion, in large part, sanctions may be appropriate under Rule 30(a)(4). In forming appropriate sanctions, the Court is mindful of a couple of procedural irregularities. First, the Court ruled on the defendants' motion to dismiss after the briefing on the current motion was completed. Therefore, it is unclear, although, unlikely, whether the plaintiffs would seek to re-depose Ms. Osborne or any other witnesses based on the Rule 30(b)(6) notice regarding evaluations or training. In fact, the plaintiffs state they do not want a "do over" but seek other sanctions. **See** Filing No. 136, p. 29, 53. Second, the Rule 30(b)(6) notices were filed as depositions of the Nebraska Department of Health and Human Services (NDHHS), a defendant who had been dismissed well before the depositions took place. **See** Filing No. 10 (September 9, 2003 order dismissing NDHHS with prejudice). During the deposition, counsel for the defendants unequivocally stated it was NDHHS, not the individual defendants, who designated Ms. Osborne. **See** Filing No. 135, p. 4:21-25. Although counsel for NDHHS is the same person as counsel for the individual defendants, the individual defendants should not be held liable for conduct of either another party or a non-party. Accordingly, the Court declines to award sanctions under Rule 37(b)(2)(A)-(C), which would only serve to punish the current individual defendants.

The Court must first determine who is responsible for the failure to properly designate a witness for the failure to designate a proper witness in response to the plaintiffs' Rule

30(b)(6) notice regarding evaluations (Filing No. 122). In that regard, counsel for the defendants and the deponent shall have an opportunity to respond to this order before a sanction is determined. **See, e.g.,** *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174-75 (D. D.C. 2003) (sanctions may be appropriate against counsel or a party or both depending on responsibility for conduct); *Hearst*, 145 F.R.D. at 64 (finding "responsibility for the discovery abuses which have occurred in this case rests solely upon defense counsel and his clients").

Second, the Court will allow the counsel for the defendants and the deponent an opportunity to explain why an award of sanctions under Rule 30(a)(4) would be unjustified in connection with counsel's improper Rule 30(d)(1) and (4) objections during Ms. Gibson's and Ms. Osborne's depositions. **See, e.g.,** *Hearst*, 145 F.R.D. at 63 (finding "defense counsels' actions at the deposition and his failure to file for a protective order were not substantially justified and that no other circumstances exist which would make an award of expenses in favor of plaintiffs' unjust); *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 20 (E.D. Pa. 1986) (finding, under circumstances of case, appropriate to impose costs rather than to reconvene deposition, for improper instructions not to answer but where questions were objectionable and answers would not be compelled). However, it may be beneficial to impose rules of conduct or restrictions on counsel for future depositions, in addition to imposing monetary sanctions. **See, e.g.,** *Damaj v. Farmers Ins. Co., Inc.*, 164 F.R.D. 559 (N.D. Okl. 1995) (finding "it would be fair to characterize [the] deposition as primarily conversation and argument between counsel as opposed to a question and answer session between the deposing attorney and the witness"); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 508 (W.D. La. 1988) (finding sanctionable violation of federal rules where counsel unilaterally directed the witness not to answer and left it to defendant Equifax to bring the matter before the court in the form of a motion for sanctions, rather than file motion under Rule 30(d)).

Third, the Court will allow Mr. Dexter an opportunity to respond to the Court's finding he should be sanctioned for his deposition conduct. Finally, the Court will allow the plaintiffs an opportunity to respond the defendants' submission and to this order given the change in

circumstances after the ruling on the motion to dismiss, in terms of whether the plaintiffs would seek to re-depose witnesses based on the current claims. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Second Motion for Sanctions or, Alternatively, Motion to Compel and for Attorney's Fees (Filing No. 134) is granted in part and denied in part, as follows:

    a. The plaintiffs' motion is denied with regard to claiming Ms. Osborne was an improper designee for the Rule 30(b)(6) notice regarding CPS worker training.

    b. The plaintiffs' motion is granted with regard to claiming Ms. Osborne was an improper designee for the Rule 30(b)(6) notice regarding CPS worker evaluations.

    c. The plaintiffs' motion is granted with regard to the defendants' improper use of Rule 30(d)(4) in directing witnesses not to answer and counsel's interference with the depositions.

2. The defendants, the deponents, and their counsel shall show cause why sanctions should not be granted under Federal Rules of Civil Procedure 30 and 37, and the Court's inherent power, as set forth in this order, **on or before May 5, 2005**. Standard response and reply deadlines will apply pursuant to NECivR 7.1(b) and (c).

DATED this 21st day of April, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge