IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVIN KILPATRICK and RONDA CONN, | ) ) ) | |
| Plaintiffs, | ) ) | 7:03CV5017 |
| vs. | ) ) | ORDER |
| PAT KING, et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' response (Filing No. 154) to this court's April 21, 2005 show cause order (Filing No. 153). On April 21, 2005, the court granted, in part, the plaintiffs' Second Motion for Sanctions (Filing No. 134). In the court's April 21, 2005 order, the court granted the portion of the plaintiffs' motion claiming Mary Osborne (Ms. Osborne) was an improper designee for the Rule 30(b)(6) notice regarding CPS worker evaluations and that the defendants' counsel improperly used of Rule 30(d)(4) in directing witnesses not to answer and counsel's behavior interfered with the depositions. The court denied the motion's claim that Ms. Osborne was an improper designee for the Rule 30(b)(6) notice regarding CPS worker training. Additionally, the court required the defendants, the deponents, and their counsel to show cause why sanctions should not be imposed. In addition to the response brief, the defendants filed a declaration (Filing No. 157) and a reply brief (Filing No. 158). The plaintiffs also filed a brief (Filing No. 156) and an index of evidence (Filing No. 155) in response to the court's order.

## BACKGROUND

On January 18, 2005, the plaintiffs served the defendants with Amended Notices of Rule 30(b)(6) depositions. **See** Filing Nos. 118, 120, 122, 124 and 126. The plaintiffs sought to take the deposition of "the Defendant" and the Defendant was directed to identify an officer, director, agent or the other person who consents to testify on its behalf and who is most knowledgeable in the subject of: training of Child Protective Services (CPS) workers (Filing

No. 118); recordkeeping practices and policies for the Nebraska Department of Health and Human Services (NDHHS) (Filing No. 120); complaints from the public relating to CPS workers and activities (Filing No. 124); and evaluating CPS workers for the years 1994 through 2004 (Filing No. 122). On February 7, 2005, the plaintiffs deposed three witnesses who appeared in response to the deposition notices. Relevant here, Ms. Osborne appeared in response to the notices regarding training and evaluating CPS workers, and Jodie Gibson (Ms. Gibson) appeared in response to the notice regarding complaints from the public.

The plaintiffs seek sanctions, including that the Court strike the defendants' defenses and award reasonable attorney's fees, in conjunction with conduct by counsel for the defendants at these depositions. The plaintiffs argue the defendants improperly designated unprepared witnesses for the depositions subjecting them to sanctions under Rule 37(d). Additionally, the plaintiffs contend counsel for the defendants behaved inappropriately and improperly advised the deponents not to answer particular questions. Counsel for the defendants apologizes for his unprofessional conduct, but disagrees sanctions are warranted.

## ANALYSIS

"No rule of law requires the Court to have issued an order compelling the witness's attendance at the deposition before sanctions may be awarded under Rule 37(d). In fact, courts have readily awarded sanctions against individuals who have in some measure complied with Rule 37(d) but have violated the basic requirement of the Rule to cooperate in discovery." **Haraway v. National Ass'n For Stock Car Auto Racing, Inc.**, 213 F.R.D. 161, 165 (D. Del. 2003) (**citing Black Horse**, 228 F.3d at 301-02). Additionally, Rule 37(d) specifically authorizes Rule 37(b) sanctions for failure to attend a deposition.

Additionally, since the court granted the plaintiffs' motion, in large part, sanctions are appropriate under Rule 30(a)(4). In the court's April 21, 2005 order, the court specifically stated it would not award sanctions, which would merely serve to punish the current defendants under Rule 37(b)(2)(A)-(C). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" **Aziz v. Wright**, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re Stauffer Seeds, Inc.**, 817 F.2d

47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where their objections and failure to respond are not substantially justified, an award of sanctions is appropriate. **Starcher v. Corr. Med. Sys., Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. **Rickels v. City of South Bend**, 33 F.3d 785, 787 (7th Cir. 1994). In determining whether a party's refusal or failure to timely provide discovery responses is "substantially justified," as required under Rule 37(a)(4), the court looks to whether or not there was a good reason to withhold the discovery. One court has described "substantially justified" as follows.

> There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified.

**Brown v. State of Iowa**, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (internal citations omitted). The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." **Id.**

In the April 21, 2005 order, the court also noted that since the plaintiffs stated they did not want to re-depose the subject witnesses and because the court granted, in part, the defendants' motion to dismiss several claims, the plaintiffs would have an opportunity to inform the court how re-deposing the witnesses would be relevant to the remaining claims. The plaintiffs have failed to provide any support for renewed depositions other than to state it would be appropriate to re-ask the questions which the witnesses were directed not to answer and any follow-up questions that logically flow from those questions. Counsel for the plaintiffs

stated she did not want to provide a list of specific questions, which is understandable. However, counsel did not even provide topic areas and the court is unable to discern relevant areas for inquiry based on the circumstances of the case, the unanswered questions and remaining claims. **Cf. *United States v. Dunkel***, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). In any event, the court will evaluate the necessity for sanctions in each of three areas: the improper designation of Ms. Osborne, the instructions not to answer, and Mr. Dexter's behavior.

### A.    Designation of Witnesses

The court determined the designation of Ms. Osborne in response to the Rule 30(b)(6) notice regarding evaluations was clearly inadequate. At the outset of the deposition, Ms. Osborne clarified she was not the correct person as sought by the plain language in the notice and did not have the requisite information. Later in the deposition she again stated the limits of her knowledge with regard to evaluations of CPS workers, which did not include the time period stated in the notice. Based on these events, the court found, pursuant to Rule 37(d) no person appeared in response to the Rule 30(b)(6) notice regarding evaluations. Accordingly, the court may impose sanctions under Rule 37(b)(2)(A)-(C) or impose an attorney's fee award against "the party failing to act or the attorney advising that party or both." Fed. R. Civ. P. 37(d).

In response to the court's order to show cause, the defendants' counsel states NDHHS has recently informed him that NDHHS recently developed guidelines for the evaluation of CPS workers (now called Protection and Safety Workers). Based on this information, the defendants propose to produce a copy of the recently completed guidelines for case worker evaluation and to produce Pat Trainer for deposition. Further, the defendants would pay the cost of the plaintiffs' counsel's travel to and from Lincoln and the cost of the deposition.

While the defendants' concession appears reasonable, the court notes it still fails to provide a deponent in response to the Rule 30(b)(6) notice. The plaintiffs do not seek information related to newly developed evaluation guidelines, but regarding the procedures in place between 1997 and 2004. The plaintiffs maintain the older time frame is most

important to their discovery.  **See** Filing No. 156, p. 5 (Plaintiff's Reply).  Accordingly, the defendants shall designate a person from NDHHS who is most knowledgeable in the subject of evaluating CPS workers for the years 1997 through 2004.  **See** Filing No. 122 (deposition notice); Filing No. 63 (order limiting temporal scope of discovery).

The court finds the defendants and their counsel are responsible for the failure to properly designate a witness in response to the plaintiffs' Rule 30(b)(6) notice regarding evaluations (Filing No. 122).  Accordingly, it is appropriate for the defendants to be financially responsible for reconvening the deposition.  **See, e.g.**, *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 174-75 (D. D.C. 2003) (sanctions may be appropriate against counsel or a party or both depending on responsibility for conduct); *Hearst*, 145 F.R.D. at 64 (finding "responsibility for the discovery abuses which have occurred in this case rests solely upon defense counsel and his clients").  Therefore, the defendants shall pay the reasonable cost of the plaintiffs' counsel's travel to and from Lincoln and the reasonable cost associated with the deposition of a properly designated and prepared Rule 30(b)(6) deponent.

### B.   Instructions Not to Answer

The court determined that in the context of the depositions, counsel's instructions to Ms. Gibson and Ms. Osborne not to answer were inappropriate because the deposition inquiry was not conducted in such a manner as to unreasonably annoy, embarrass, or oppress the witness.  Additionally, no motion for a protective order was filed by on behalf of the defendants or the deponent.

The defendants contend the instructions not to answer were based on counsel's belief the questions were posed to annoy, embarrass, or oppress a witness.  Based on the context of the instructions, the defendants contend counsel's instructions were at least colorably supported in the law.  Alternatively, the defendants suggest a nominal sanction because if the plaintiffs had been spared filing their own motion, they still would have had to respond to a motion for protective order assuming one were filed by the defendants or deponents.  The plaintiffs state they still seek to re-depose the witnesses to determine the answers to the

contested questions and any questions which logically follow from those questions. The specific questions at issue are as follows:

### 1. Ms. Gibson

Counsel for the defendants first instructed a witness not to answer during Ms. Gibson's deposition:

> Q: (By Ms. Chaloupka) Okay. And -- And what if -- what if clients didn't know enough to call your office? What if they thought they needed to make their reports just locally, to their case worker or to whoever supervises the case worker in the local office?
> MR. DEXTER: Objection to the form of the question, calls for speculation. You may answer if you can.
> THE WITNESS: I guess I can't answer that because I do get calls from all the service areas across the state, so --
> Q: (By Ms. Chaloupka) What makes it so hard for you to answer? Do you not -- Let me ask you this. Do you not understand my hypothetical? Is there anything about what I'm posing to you that is not clear, that you can't understand?
> MR. DEXTER: Objection to the form of the question, argumentative. I will direct the witness at this point not to answer.

**See** Filing No. 135, Exhibit 1(p) (Gibson Dep. at 35:14-37:25). Ms. Gibson's deposition was terminated after further exchange by counsel, but reconvened later in the afternoon.

During Ms. Gibson's deposition the question posed, but left unanswered, was not a substantive question but an attempt by the plaintiffs' counsel to clarify an earlier question, which the deponent stated she could not answer. The deponent, in her earlier response, had attempted to give an explanation about why she was unable to answer, however the plaintiffs' counsel interrupted to ask the next question. Had defendants' counsel refrained from his improper objection, it appears likely the deponent and the plaintiffs' counsel would have resolved their miscommunication and the deponent could have provided an explanation. Further, it also appears the deponent did sufficiently answer the question, which was in substance "what if clients did not know to call the district office to place complaints?" The deponent stated she was not able to respond to that because she did get calls from clients across the state. Therefore, the actual question asked, was sufficiently answered. Finally, the

plaintiffs failed to provide any substantive detail regarding what discovery, if any remains outstanding, due to the instruction not to answer. The court is unsure if any additional questioning is necessary, particularly in light of the fact the deposition was reconvened later in the day. Accordingly, the court will not require the deposition be reconvened or that the defendants be subject to any additional sanction based on the instruction for Ms. Gibson not to answer.

### 2.   Ms. Osborne

Counsel for the defendants instructed Ms. Osborne not to answer on several occasions during the deposition. However each instruction was related to one topic area, whether Ms. Osborne was properly designated (the court has eliminated intermediary arguments between counsel for brevity).

> Q: Okay. Well, you've also been designated as the person most knowledgeable in the evaluation of CPS workers form the years 1997 through 2004. Are you that person?
> A: No, I'm probably not that person.
> [Ms. Chaloupka had an exhibit marked.]
> Q: (By Ms. Chaloupka) For the record, Ms. Osborne, Exhibit 64 is a notice of 30(b)(6) deposition. It states that the defendant is to direct one or more officers, agents, directors or other person who consents to testify on its behalf who are most knowledgeable in the subject of evaluating child protective services workers for the years 1994 through 2004.   And if I understand you correctly, you were saying that you would not be that person; is that right?
> MR. DEXTER: I would object to the form of the question.
> MS. CHALOUPKA: Go ahead and answer.
>
> * * *
>
> MS. CHALOUPKA: Are you going to answer the question, Mrs. Osborne?
> MR. DEXTER: I'm directing her not to answer the question. The question is interposed for the purpose of harassment of the witness. Under Rule 30(d), I can direct her not to answer that question, just like I could direct the last witness not to answer a question imposed for the purpose of harassment.
> * * *

>       MS. CHALOUPKA:  Who is the most knowledge.  And are you saying that you are not the person who is the most knowledgeable?
>       MR. DEXTER:  Objection, direct the witness not to answer.
>       MS. CHALOUPKA:  Mrs. Osborne, can you answer that question?

**See** Filing No. 135, Exhibit 1(q) (Osborne Dep.) at 5:13-5:17; 6:3-10:2.

Later, during Ms. Osborne's deposition the following exchange took place:

>       Q:  Would another person be better suited to be the designated witness for this deposition?
>       MR. DEXTER:  I'm going to object to the form of that question.  First of all, the department has made its designation pursuant to notice.  And as Ms. Chaloupka seems to keep forgetting, I represent the department.  Ms. Osborne does not.
>       Okay.  Second of all, we have designated somebody who has said that she is able to testify about training.  That was what was in the notice.
>       If she doesn't know the answers to all of Ms. Chaloupka's questions, I would submit that's not her fault, and it's not the department's either.
>       MS. CHALOUPKA:  Well, the question – the notice seeks a person who is most knowledgeable in the subject about training.
>       MR. DEXTER:  Uh-huh.
>       MS. CHALOUPKA:  And that, at least in – in my assessment includes the substance that is trained to CPS workers.  If you're not the person –
>       MR. DEXTER:  But down to what level of detail?
>       MS. CHALOUPKA:  – who knows the most, then perhaps we need to redesignate a different person who does know the substance of that.
>       But Mr. Dexter is not the person that can answer that because he's not the one who will be answering the questions.  That person would be you, Mrs. Osborne.  And so if you are not the right person, I guess you need to advise us of that and –
>       MR. DEXTER:  I would instruct her not to answer that question.  You're once again trying to get around it.  And I'm not going to let you.  I'm their lawyer.  Okay?  Deal with it.

**See** Filing No. 135, Exhibit 1(q) (Osborne Dep.) at 27:9-16.

Finally, again during Ms. Osborne's deposition, the following exchange took place:

8

> Q: Again, not meaning this to sound like a snippy question.
> A: Sure.
> Q: What did you think I was going to ask you about today?
> MR. DEXTER: I would object to the form of that question. I would interpose a motion under Rule 30(d)(4), to a limited examination, on the basis that the question is proposed either in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, and would direct her not to answer pursuant to Rule 30(d)(1).
> MS. CHALOUPKA: Well, again, for the record, if I could find out what you thought you were going to come here to answer today, then maybe I can limit the questions that I have to ask you according to that, but your counsel has instructed you now not to answer.

**See** Filing No. 135, Exhibit 1(q) (Osborne Dep.) at 36:11-39:02.

Each of the instances where the defendants' counsel instructed Ms. Osborne not to answer were questions related to whether Ms. Osborne was the person sought in the deposition notice or the scope of the knowledge or ability to answer questions. The court finds Ms. Osborne did adequately respond to whether she was the proper Rule 30(b)(6) designee with regard to the evaluation of CPS workers, she was not. Further, the court has already determined another individual must be designated with regard to the evaluation of CPS workers.

With regard to the remaining questions related to whether Ms. Osborne was the proper designee with regard to training, the court has already determined Ms. Osborne adequately responded to questions regarding training given the level of specificity in the deposition notice. **See** Filing No. 153, p. 6 (April 21, 2005 Order). Further, the plaintiffs have failed to provide any explanation of the subject matter of any questions remaining for Ms. Osborne due to counsel's instruction not to answer. The court finds no benefit to reconvening the deposition with this witness related to the training of CPS workers. Accordingly, the court will not require the deposition be reconvened based on the instruction for Ms. Osborne not to answer.

In any event, the court finds counsel for the defendants has shown, after an opportunity to explain, why an award of sanctions under Rule 30(a)(4) would be unjustified in connection with counsel's improper Rule 30(d)(1) and (4) objections during Ms. Gibson's and Ms.

9

Osborne's depositions. While the court ultimately determined the objections were improper, counsel was substantially justified in instructing the witness not to answer under the circumstances and climate of the depositions. Accordingly, no additional sanctions will be awarded.

### C.   Mr. Dexter's Conduct

Aside from instructing witnesses not to answer, the plaintiffs argue the conduct of Mr. Dexter during the deposition frustrated the fair examination of the deponents. The court agrees. The plaintiffs specifically comment upon the instances where Mr. Dexter used profanity (Osborne Depo. at 10:01); attacked the competence of the plaintiffs' counsel (Osborne Depo. at 9:11); compared the plaintiffs' counsel's conduct to a television program (Osborne Depo. at 6:21, 7:14); unplugged the video camera (Osborne Depo. at 8:15); and threatened to have the plaintiffs' counsel removed by the state patrol (Osborne Depo. at 7:2-7:4). **See** Filing No. 153 for deposition excerpts and additional context of conduct.

The court finds Mr. Dexter violated Rule 30(d)(3) when his conduct frustrated the fair examination of the deponents, Ms. Gibson and Ms. Osborne. "[M]erely because depositions do not take place in the presence of judges does not mean lawyers can forget their responsibilities as officers of the court." ***Ewald v. Wal-Mart Stores, Inc.***, 139 F.3d 619, 622 n.4 (8th Cir. 1998). Mr. Dexter's apology to opposing counsel and to the court is insufficient, given his conduct, to avoid sanctions under either Rule 30(d)(3) or this court's inherent powers.

In Mr. Dexter's response to the court's show cause order, he does not attempt to condone his behavior, but argues the plaintiffs have had a full and fair opportunity to depose the witnesses <u>despite</u> his conduct. Additionally, Mr. Dexter takes full responsibility for his own conduct and denies the defendants either directed or condoned the behavior. **See** Filing No. 157, ¶8. In this light, the defendants suggest that, if the depositions be reconvened, the court reserve determining who should be responsible for paying for the depositions until reviewing the substance of the questions. Finally, Mr. Dexter states his conduct, while improper, was confined to isolated instances during the depositions and did not permeate the depositions.

Based on this argument, the defendants' propose that half of the cost Ms. Osborne's previous deposition be levied against Mr. Dexter.

In contrast, the plaintiffs seek to hold the defendants liable for Mr. Dexter's behavior and, on that basis, enter default against the defendants on the plaintiffs' remaining claims. In support thereof, the plaintiffs argue the behavior was willful as evidenced by prior discovery disputes. **See** Filing No. 63 (order on the plaintiffs' motion to compel (Filing No. 38)); Filing No. 99 (order on the plaintiffs' motion for sanctions (Filing No. 80)); and other conduct discussed *supra*. In the same vein, the plaintiffs propose incorporating the sanction of instructing the jury at trial about the defendants' conduct in comprising the truthfinding process. Specifically, the plaintiffs have proposed jury instructions requiring the jury to find certain information would have been harmful to the defense. **See** Filing No. 156, p. 14 (Plaintiffs' Brief). Alternatively, the plaintiffs also ask the court to be more involved in depositions in the future by supervising the depositions, appointing a special master or creating rules of conduct. Finally, the plaintiffs suggest monetary sanctions, stating they have expended $11,526.01 in costs and attorney's fees relative to the February 7, 2005 depositions and pursuing sanctions.

The court finds that, under the circumstances, a monetary sanction against Mr. Dexter is most appropriate. The use of either a default or the jury instructions proposed by the plaintiffs are unduly harsh in this instance. Additionally, since the court has already determined it is unnecessary to reconvene the subject depositions, plaintiffs' other suggestions are inapplicable. The court reminds counsel, however, they may call the court for a telephone conference during a problematic deposition in the future.

The monetary sanction is imposed on Mr. Dexter, personally, in an amount to be determined by adding the attorney's fees and costs associated with Ms. Osborne's deposition and Ms. Gibson's first deposition on the morning of February 7, 2005. However, such fees and costs are not to include the plaintiffs' counsel's travel to or from the deposition. In addition, the court will assess a reasonable award of one-third of the fees and costs associated with the plaintiffs' motion. In this regard, Mr. Dexter and counsel for the plaintiffs will have an opportunity to confer regarding these costs. If no agreement is reached, the court will determine the amount of the award. Upon consideration,

**IT IS ORDERED:**

1. The defendants shall pay the reasonable cost of the plaintiffs' counsel's travel to and from Lincoln and the cost of the deposition of a properly designated and prepared Rule 30(b)(6) deponent in connection with the deposition notice related to evaluating CPS workers during the period 1997 through 2004 (Filing No. 122).

2. Counsel for the parties shall confer on a reasonable amount to be awarded in relation to reconvening the Rule 30(b)(6) deposition and, if there is agreement, shall file a stipulation of the costs and fees to be awarded, within thirty days of the deposition. In the event the parties fail to reach an agreement, the plaintiffs may file an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Standard response and reply deadlines will apply pursuant to NECivR 7.1(b) and (c).

3. The court declines to require the depositions of either Ms. Gibson or Ms. Osborne be reconvened or any other sanction be levied based on counsel's instructions not to answer.

4. Mr. Dexter shall pay the reasonable attorney's fees and costs associated with the depositions and motion affected by his conduct, as described above.

5. Counsel for the parties shall confer on a reasonable amount to be awarded in connection with paragraph 4, above, and, if there is agreement, shall file **on or before September 19, 2005,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the plaintiffs may file **on or before September 28, 2005,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Standard response and reply deadlines will apply pursuant to NECivR 7.1(b) and (c).

DATED this 7th day of September, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge