IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DEVIN KILPATRICK, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 7:03CV5017 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **PAT KING, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion for Enlargement of Time (Filing No. 174). In the defendants' motion, they ask the court for an extension of twenty (20) days to file motions for summary judgment. The defendants attached to the motion an affidavit of counsel explaining that counsel's recent assignment to the case necessitates his request for an extension of time. **See** Filing No. 174, Exhibit A.

The motion for summary judgment based upon qualified immunity deadline was September 6, 2005 (Filing No. 163). The motion for summary judgment deadline is October 28, 2005 (Filing No. 143). The defendants do not indicate whether they seek an extension of only one or both of those deadlines. The court construes the motion to be requesting an extension of the deadline for filing motions for summary judgment based upon qualified immunity. The plaintiffs did not file an objection to the motion. Upon consideration and for good cause shown,

**IT IS ORDERED:**

1. The defendants' Motion for Enlargement of Time (Filing No. 174) is granted as set forth below.

2. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **October 31, 2005**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.

Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

3. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

   A. **Nonexpert Witnesses - On or before October 3, 2005:** The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   B. **Waiver of Objections** - Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

   C. **Filing of Disclosures** - The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4. *Daubert* **Motions** - Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before October 11, 2005**, in the absence of which any objection based upon said rule shall be deemed waived. **See** *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

5. **Any** motion for summary judgment or partial summary judgment based upon qualified immunity shall be filed **on or before September 16, 2005**. **All other** motions for summary judgment shall be filed **on or before October 28, 2005**. **See** NECivR 56.1 and 7.1.

      6.      The telephone conference previously scheduled for October 3, 2005, is continued.  A **telephone** conference with the undersigned magistrate judge will be held on **November 30, 2005, at 10:00 a.m.** Central Standard Time for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial.  The plaintiffs' counsel shall initiate the telephone conference.

      DATED this 8th day of September, 2005.

BY THE COURT:

s/Thomas D. Thalken  
United States Magistrate Judge
