## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVIN KILPATRICK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 7:03CV5017 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAT KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel Discovery and for Award of Reasonable Attorney's Fees (Filing No. 165).  The plaintiffs filed a brief (Filing No. 166) and an index of evidence (Filing No. 167) in support of the motion.  The defendants filed a brief (Filing No. 171) in opposition to the motion to compel.

## BACKGROUND

The plaintiffs have filed this suit pursuant to 42 U.S.C. §§ 1983 and 1988, alleging certain Nebraska Department of Health and Human Services (NDHHS) employees violated their civil rights arising during the course of an investigation and prosecution of claims of child abuse.

On October 1, 2004, the defendants served their Answers to Interrogatories and Requests for Production (Second and Third Sets).  **See** Filing No. 92 (certificate of service). The plaintiffs' Request No. 31 asked the defendants to "[p]rovide all rules, regulations, policies, protocols, procedures, guidelines, or other documentation relating to entry of individuals into the [NDHHS] Central Register of Reports of Child Abuse and Neglect." Filing No. 167, Exhibit A.  The defendants did not state objections to Request No. 31, instead they provided a Response No. 31 (the Response):  "Title 390, Nebraska Administrative Code (available at http://www.hhs.state.us/reg/ t390.htm); Partnerships for Protecting Children (Guidebook), previously produced." *Id.*

On May 24, 2005, the plaintiffs sent the defendants a letter by mail requesting the defendants amend their Response to Request No. 31. Filing No. 167, Exhibit B. The plaintiffs state they did not receive a response from the defendants.  Filing No. 165, p. 4.  Counsel for the plaintiffs and defendants conferred on this issue via exchange of e-mail on June 13, 2005. Filing No. 167, Exhibit C.  On June 27, 2005, defendants Steven W. Wilson, Chris Hanus and Holly Brandt served their Answers to Interrogatories and Responses to Requests for Production to Defendants Wilson, Hanus and Brandt.  Filing No. 167, Exhibit E.  The plaintiffs made the same request of these defendants as was made in Request No. 31, and these defendants provided the same allegedly insufficient response.  *Id.* at 1.   The plaintiffs subsequently filed the instant motion to compel seeking an amended response to Request No. 31.

## ANALYSIS

### A.     Requests for Production

With regard to production of documents and things, Rule 34(b) of the Federal Rules of Civil Procedure provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.  The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof . . . .

**See** Fed. R. Civ. P. 34(b).  A party may move the court to compel production when the opposing party has failed to respond.  Fed. R. Civ. P. 37(a)(2)(B).  For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(3).

The plaintiffs complain that the defendants' Response to Request No. 31 is evasive and not responsive on various grounds: (1) the two documents referenced in the defendants' Response involve the entire mission of the NDHHS and are not specifically related to the entry of individuals onto the Central Register of Reports of Child Abuse and Neglect; (2) the two documents referenced in the defendants' Response involve more than 600 pages; (3) the plaintiffs have reviewed the two documents referenced in the defendants' Response and "cannot find a set of criteria or procedure or protocol governing the Central Register of Reports of Child Abuse and Neglect," Filing No. 165, p. 2-3; and (4) the defendants' Response is so broad that it deliberately obscures the Response's relevance to the production request.

The defendants make the following arguments in opposition to the motion: (1) the two documents referenced in the defendants' Response "were provided in the exact format in which they are possessed and utilized by employees of the NDHHS" and their Response met their duty under Rule 34(b), Filing No. 171, p. 3-4; (2) the defendants' providing documents of more than 600 pages in their Response is distinguishable from case law cited by the plaintiffs; (3) requiring the defendants to identify the relevant pages of Title 390 of the Nebraska Administrative Code and the Guidebook would be the equivalent of requiring the defendants to disclose their legal research and mental impressions, neither of which are discoverable under Rule 34; and (4) the defendants would have provided the plaintiffs with "a more focused answer" had the plaintiffs "narrowly tailored" their request for production to "all rules, regulations, policies, protocols, procedures, guidelines, or other documents *Defendants relied upon* in choosing to place Plaintiff on the Register of Reports of Child Abuse and Neglect," Filing No. 171, p. 6-7.

The court finds the defendants' objections fail.  First, the defendants provide the court with no evidence to support their factual assertion that the two documents referenced in the defendants' Response are exclusively what NDHHS employees review in making determinations whether to add an individual to the Central Register of Reports of Child Abuse and Neglect.  **See** NECivR 7.1(b)(2)(A) (requiring the non-moving party to serve at the time of the filing of the opposing brief any evidentiary materials upon which the party relies);

NECivR 7.1(b)(2)(B), (C) (discussing how to file such evidence).  In fact, the defendants directly contradict such factual assertion by the statement later in the defendants' opposition that "the regulations Defendants actually relied on would be discoverable."  Filing No. 171, p. 7.  Such statement by the defendants infers that there are additional documents used by the defendants to determine whether the plaintiffs should be entered into the Central Register of Reports of Child Abuse and Neglect.

In the present case, the defendants argue the plaintiffs' request was "overbroad" and, as a result, the documents produced in connection to that request were "overbroad."  The defendants further state that had the plaintiffs drafted a "narrow" request, the defendants would have produced a narrower range of documents, including the regulations upon which the defendants actually relied.  This argument of "overbreadth" by the defendants is not the typical argument of overbreadth.  In a usual case, a party objects to the moving party's request as "overbroad" because the objecting party seeks to limit the quantity of documents the objecting party must turn over to the moving party.  **See, e.g.,** ***Rowlin v. Ala. Dep't of Pub. Safety***, 200 F.R.D. 459, 461 (M.D. Ala. 2001) ("[O]ne unfortunate consequence of our liberal discovery rules is that [counsel requesting production] often attempt to bury opposing counsel in paperwork by requesting material that they don't really want and don't really need.").  In this unusual case, the defendants argue overbreadth to justify their "burying" the requesting party with more than 600 pages of documents regarding the entire mission of the NDHHS, many of such pages are not even responsive to the plaintiffs' request.

The court finds the Response to Request No. 31, Filing No. 167, Exhibit B, is evasive and incomplete and, therefore, a failure to respond for purposes of the Federal Rules of Civil Procedure.  **See** Fed. R. Civ. P. 37(a)(2)(A), (B).  The plaintiffs made the following request for relevant documents:   "Provide **all** rules, regulations, policies, protocols, procedures, guidelines, or other documentation relating to entry of individuals into the [NDHHS] Central Register of Reports of Child Abuse and Neglect."  Filing No. 167, Exhibit A (emphasis added).  This request may be "overbroad," but a plain reading of Request No. 31 **includes** any documents that would assist any NDHHS employee in determining whether to enter an individual, including the plaintiffs, on the NDHHS Central Register of Reports of Child Abuse

4

and Neglect.  This request includes the documents the defendants actually relied upon, or any documents available to the defendants to consult.  The defendants will not have properly responded to the plaintiffs until the defendants provide to, and identify for, the plaintiffs **all documents**, including regulations, policies, protocols, procedures, guidelines, used by NDHHS and its employees, including the defendants, to determine whether an individual should be entered into the Central Register of Reports of Child Abuse and Neglect.

The defendants are reminded that, "complete and accurate responses to discovery are imperative to the functioning of the modern trial process." *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1201 (3d Cir. 1989); **see also** *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995) ("For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests."); *Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947).  "The 'modern instruments of discovery' are thus a principal means by which trials are rendered 'less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Averbach,* 879 F.2d at 1201 (**quoting** *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).  If the defendants found the plaintiffs' Request No. 31 objectionable, the proper course would have been to include in their Response the specific part of the Request No. 31 to which they objected and the grounds for the objection, in addition to responses to the parts of the Request No. 31 to which they had no objection. **See** Fed. R. Civ. P. 34(b).  Instead, because the defendants did not indicate an objection to Request No. 31, their Response should have included both the documents they identified in their response and all documents relating to entry of individuals into the [NDHHS] Central Register of Reports of Child Abuse and Neglect, without limit.

Finally, the court finds suspect the defendants' characterization of documents used by NDHHS employees to determine whether to add an individual to the Central Register of Reports of Child Abuse and Neglect as subject to the work product doctrine.  The work product doctrine limits the access of an opponent to materials "prepared in anticipation of litigation or for trial." *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997) (citations omitted).  The plaintiffs in this case do not seek materials prepared in

5

anticipation of litigation, but instead the documents used to determine if an individual should be entered into the NDHHS Central Register of Reports of Child Abuse and Neglect.

Even if the defendants' characterization of the documents sought by the plaintiffs was feasible, the defendants have not complied with the Federal Rules of Civil Procedure regarding the assertion of privilege.

> [A] general claim of privilege, be it work product or attorney client, is an inadequate response to a discovery request. [Rule 26(b)(5) of the Federal Rules of Civil Procedure] requires the party withholding information otherwise discoverable by claiming a privilege to "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection" asserted.

*Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996); **see also, e.g.**, *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001); *In re Aircrash Disaster near Roselawn, Ind. on Oct. 31, 1974*, 172 F.R.D. 295, 307 (D. Ill. 1997). "The party asserting a privilege and resisting discovery has the burden of establishing the existence of the privilege. Blanket assertions of privilege are insufficient to satisfy this burden." *Wagner*, 208 F.R.D. at 611 (citations omitted). In their Response, the defendants in no way describe the nature of any documents that are subject to the claimed privilege. Therefore, the defendants' claim of privilege fails.

**B.    Sanctions**

Since the court has granted the plaintiffs' motion, sanctions may be appropriate under Rules 34 and 37 of the Federal Rules of Civil Procedure. The court finds the defendants' failure to provide adequate discovery responses required the plaintiffs to file the instant motion to compel and for reasonable attorney's fees and, therefore, sanctions are appropriate. The plaintiffs' counsel filed with the court evidence of the attorney's fees owed as a result of the plaintiffs' having to bring the instant motion (Filing No. 167-2, p. 1-2 (Affidavit of Maren Lynn Chaloupka)). The court shall, after the defendants have had a chance to respond, grant the plaintiffs' reasonable expenses for filing such motion, unless the defendants show substantial

and legal justification for the failure to provide discovery responses or just cause why sanctions should not be imposed.  **See** Fed. R. Civ. P. 37(a)(4)(A).

Upon consideration,

**IT IS ORDERED:**

1.      The plaintiffs' Motion to Compel Discovery and for Award of Reasonable Attorney's Fees (Filing No. 165) is granted.

2.      The defendants shall supplement their Response No. 31 as set forth herein, **on or before September 30, 2005**.

3.      The defendants and their counsel shall show cause why sanctions should not be granted under Rules 34 and 37 of the Federal Rules of Civil Procedure, and the court's inherent power, **on or before September 30, 2005**. Standard response and reply deadlines will apply pursuant to NECivR 7.1(b) and (c).

### ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 14th day of September, 2005.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge