# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVIN KILPATRICK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 7:03CV5017 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAT KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' response (Filing No. 195) to this court's September 14, 2005 show cause order (Filing No. 177). On September 14, 2005, the court granted the plaintiffs' Motion to Compel Discovery and for Award of Reasonable Attorney's Fees (Filing No. 165). The court required the defendants to show cause why sanctions should not be granted for failing to adequately respond to Request for Production No. 31. The defendants filed an index of evidence (Filing No. 196) is support of their response. The plaintiffs filed a brief (Filing No. 197) in support of their request for sanctions.

## BACKGROUND

The plaintiffs have filed this suit pursuant to 42 U.S.C. §§ 1983 and 1988, alleging certain Nebraska Department of Health and Human Services (NDHHS) employees violated their civil rights arising during the course of an investigation and prosecution of claims of child abuse.

On October 1, 2004, the defendants served their Answers to Interrogatories and Requests for Production (Second and Third Sets). **See** Filing No. 92 (certificate of service). The plaintiffs' Request No. 31 asked the defendants to "[p]rovide all rules, regulations, policies, protocols, procedures, guidelines, or other documentation relating to entry of individuals into the [NDHHS] Central Register of Reports of Child Abuse and Neglect." Filing No. 167, Exhibit A. The defendants did not state objections to Request No. 31, instead they provided a Response No. 31 (the Response): "Title 390, Nebraska Administrative Code

(available at http://www.hhs.state.us/reg/ t390.htm); Partnerships for Protecting Children (Guidebook), previously produced." ***Id.***

On May 24, 2005, the plaintiffs sent the defendants a letter by mail requesting the defendants amend their Response to Request No. 31. Filing No. 167, Exhibit B. The plaintiffs state they did not receive a response from the defendants. Filing No. 165, p. 4. Counsel for the plaintiffs and defendants conferred on this issue via exchange of e-mail on June 13, 2005. Filing No. 167, Exhibit C. In the exchange, counsel for the defendants asked for additional time since the defendants' counsel had just entered an appearance in the case and was attempting to familiarize himself with the case for which he would become primarily responsible on July 1, 2005. ***Id.*** On June 27, 2005, defendants Steven W. Wilson, Chris Hanus and Holly Brandt served their Answers to Interrogatories and Responses to Requests for Production to Defendants Wilson, Hanus and Brandt. Filing No. 167, Exhibit E. The plaintiffs made the same request of these defendants as was made in Request No. 31, and these defendants provided the same allegedly insufficient response. ***Id.*** at 1.

On July 8, 2005, the plaintiffs filed the instant motion to compel seeking an amended response to Request No. 31. Counsel corresponded by electronic mail and letters in July, including the defendants' counsel telling plaintiffs' counsel the particular chapter in the regulation, which was the subject of the dispute. **See** Filing No. 196; Exhibit 4. The court notes that the parties did not inform the court that their substantive dispute had become moot. **See *id.*** ("First, I would direct your attention to 390 NAC, specifically Chapter 4-008. These are the regulations that related to the entry of cases on the Central Register, although you might not know it from an initial review."). While such informal resolution did not render the issue of sanctions moot, such information would have assisted the court in resolving the matter.

## ANALYSIS

"A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" ***Aziz v. Wright***, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re *Stauffer Seeds, Inc.***, 817 F.2d 47, 49 (8th Cir. 1987). Where the

producing party's actions necessitate the motion to compel, or where their objections and failure to respond are not substantially justified, an award of sanctions is appropriate. **Starcher v. Corr. Med. Sys., Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998).

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

The court is mindful of the ongoing nature of discovery disputes in this matter. However, under the circumstances an award of sanctions related to the plaintiffs' July 8, 2005 motion to compel would be unjust; furthermore the plaintiffs failed to make good faith attempts to obtain the discovery. The defendants had just obtained new counsel and such counsel was working with the plaintiffs' counsel to resolve outstanding discovery and disputed discovery. The defendants supplied the discovery requested, albeit in overabundance. Further, although counsel had discussed the matter on June 13, there is no other correspondence in the record before the July 8 motion was filed. The fact that additional defendants, with the same counsel, filed the same inadequate response to Request No. 31 on June 27, 2005, does not relieve the plaintiffs' counsel of her obligations under Rule 37 and NECivR 7.1(i). The correspondence in evidence reflects defendants' counsel's attempt to make good faith attempts at resolution before the motion was filed. The plaintiffs filed the motion to compel prematurely. Accordingly, the court finds the plaintiffs did not make a good faith effort to obtain the discovery in compliance with Rule 37 and NECivR 7.1(i) before filing the July 8, 2005 motion to compel and any award of sanctions would be unjust. Upon consideration,

**IT IS ORDERED:**

The court declines to award sanctions to the plaintiffs in connection with the July 8, 2005 motion to compel (Filing No. 165).  The defendants' objection to the imposition of sanctions (Filing No. 195) is sustained.

DATED this 7th day of December, 2005.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge